UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER DIPIETRO, | |
| Petitioner, | Civ. No. 19-13891 (NLH) |
| v. | OPINION |
| MATTHEW LEITH, | |
| Respondent. | |

APPEARANCES:
Peter DiPietro
4321 Atlantic Brigantine Blvd.
Brigantine, NJ 08203
    Petitioner Pro se

HILLMAN, District Judge

    Peter DiPietro has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on behalf of Michael Roberts, an inmate at the Burlington County Correctional Facility. ECF No. 1. He argues Mr. Roberts must be released from custody because the charges of failure to pay child support are invalid. Id. Petitioner also moves for summary judgment based on the State's alleged failure to respond to the habeas petition. ECF No. 3. For the reasons that follow, the Court will deny the motion for summary judgment and dismiss the habeas petition.

I. BACKGROUND

    Petitioner states that Mr. Roberts' child support matter has been transferred to the State of South Carolina and that Mr.

Roberts owes no child support obligations to the State of New Jersey. ECF No. 1 at 1. He alleges Mr. Roberts was arrested in South Carolina and extradited to New Jersey. Id. He argues "[t]he child support industry is a total fraud." Id. at 3.

Petitioner thereafter filed a motion for summary judgment based on the State's alleged failure to respond to the habeas petition. ECF No. 3. Petitioner asks the Court to award Mr. Roberts damages under 42 U.S.C. § 1983 in addition to dismissing the charges against him and ordering his release. Id.

## II. DISCUSSION

### A. Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court will liberally construe pro se pleadings and hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also

McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 250. The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

B. Analysis

Petitioner brings this action under 28 U.S.C. § 2241. To the extent Petitioner moves for summary judgment based on New Jersey's alleged failure to respond to the habeas petition, the Court denies the motion. ECF No. 3. First, New Jersey was under no obligation to answer the petition. Under the Habeas Rules, "[t]he respondent is not required to answer the petition unless a judge so orders." 28 U.S.C. § 2254 Rule 5(a) (made applicable through Rule 1(b)). Second, judgment based on a

3

failure to answer would more appropriately be considered default judgment, and "[d]efault judgment is inapplicable in the habeas context." Riley v. Gilmore, No. 15-351, 2016 WL 5076198, at *1 (E.D. Pa. Sept. 20, 2016). Under either theory, Petitioner is not entitled to judgment as a matter of law.

Petitioner attempts to bring this § 2241 as a "next friend" to Mr. Roberts. "[U]nder the 'next friend' doctrine, standing is allowed to a third person only if this third person could file and pursue a claim in court on behalf of someone who is unable to do so on his/her own." In re Telfair, 745 F. Supp. 2d 536, 560 (D.N.J. 2010), aff'd in part, vacated in part sub nom. Telfair v. Office of U.S. Attorney, 443 F. App'x 674 (3d Cir. 2011). The Supreme Court has set forth two requirements for asserting "next friend" standing. "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." Id. at 163-64. "The burden is on the 'next friend' clearly to

establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

Petitioner has failed to establish standing to bring this habeas petition. He has not shown that Mr. Roberts is incapable of bringing this petition on his own behalf, nor has he shown that he has a "significant relationship" with Mr. Roberts. The petition will be dismissed for failure to establish standing.

The Court notes that Petitioner is subject to this Court's January 3, 2013 Order in Civil Action 1:12-2338, DiPietro v. Morisky, et al., Docket No. 28, in which this Court Ordered that Plaintiff was enjoined from filing any claims in this District relating to his 2000 New Jersey state court divorce and child custody case without prior permission of the Court ("Preclusion Order"). As this is a habeas action challenging the authority of the State of New Jersey to bring criminal charges, the petition does not implicate the Preclusion Order.

However, the Court cautions Petitioner that subsequent petitions raising the same claims or claims that could have been raised are subject to dismissal as an abuse of the writ. See Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) ("[A]buse-of-the-writ doctrine applies to section 2241 petitions[.]"); Noble v. Barnett, 24 F.3d 582, 585 (4th Cir. 1994) ("In essence, the doctrine mandates dismissal of claims presented in habeas

5

petitions if the claims were raised, or could have been raised, in an earlier petition.").

A petitioner may not appeal a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for lack of standing is correct.

III. CONCLUSION

For the foregoing reasons, the motion for summary judgment will be denied and the petition for writ of habeas corpus dismissed. No certificate of appealability shall issue. An appropriate order will be entered.

Dated: November 27, 2019      s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

6